```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :    21cv8273(DLC)
RICHARD BOSSUK,                      :
                                     :
                 Plaintiff,          :    ORDER
            -v-                      :
                                     :
AUGUSTA SPORTSWEAR, INC. and JASON   :
LIVERMORE,                           :
                                     :
                 Defendants.         :
                                     :
------------------------------------ X
```

DENISE COTE, District Judge:

The plaintiff filed this employment discrimination action against Augusta Sportswear, Inc. ("Augusta") and Jason Livermore on October 7, 2021. This case was reassigned to this Court on August 17, 2022. On December 7, the defendants moved to transfer this case to the U.S. District Court for the Southern District of Georgia or the Middle District of Florida. The motion became fully submitted on January 20, 2023. In response to a request from the Court, on February 15, the plaintiff indicated that, between these two districts, he preferred the Middle District of Florida.

The standard for a motion to transfer is well-established. Section 1404 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The

statute, therefore, sets out a two-step inquiry. The movant must first establish that the proposed transferee district is a district in which the action "might have been brought." Only after this prerequisite is established are considerations of convenience and the interests of justice balanced.

Courts consider both private and public interest factors, including

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

Corley v. United States, 11 F.4th 79, 89 (2d Cir. 2021) (citation omitted). The "administrative difficulties flowing from court congestion," "the local interest in having localized controversies decided at home," and "all other practice problems that make trial of a case easy, expeditious and inexpensive" may also be considered. Atlantic Marine Constr. Co., Inc. v. U.S. District Court for the W. Dist. of Tex., 571 U.S. 49, 62 n.6 (2013). The movant bears the burden of establishing, by clear and convincing evidence, that transfer is warranted. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 113-14 (2d Cir. 2010).

The defendants' motion to transfer this action to the U.S. District Court for the Middle District of Florida is granted.

The parties do not dispute that this action could have been brought in either of the defendants' proposed transferee districts. Considerations of convenience and the interests of justice favor transfer. None of the parties has ever resided in this district, and the plaintiff has not lived in New York State since April 2022. The plaintiff and defendant Livermore reside in Florida, and Augusta is headquartered in Georgia. Significantly, no witnesses reside in New York State, and several witnesses reside in either Florida or Georgia. The U.S. District Court for the Middle District of Florida is much more convenient for the parties and witnesses than this district. The only connection to this district is that it was included in the plaintiff's sales territory during his employment at Augusta. This connection is insufficient to overcome the other factors that strongly favor transfer.

The defendants' December 7 motion is granted. The Clerk of Court shall transfer this action to the United States District Court for the Middle District of Florida.

Dated: New York, New York
February 23, 2023

_____
DENISE COTE
United States District Judge