**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**
-------------------------------------------------------------------------x
**RICHARD BOSSUK,**

        **Plaintiff,**

  -against-                                          No.:  6:23-cv-00406 (PGB)

**AUGUSTA SPORTSWEAR, INC. and JASON
LIVERMORE,**

        **Defendants.**

-------------------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
TO TRANSFER THIS CASE TO THE EASTERN DISTRICT OF NEW YORK**


**JOSEPH & KIRSCHENBAUM LLP**

D. Maimon Kirschenbaum
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ...............................................................................................1

II. PROCEDURAL HISTORY ....................................................................................................2

III. ARGUMENT ..........................................................................................................................3

   A. This Case Could Have Been Filed in the Eastern District of New York .............................4

   B. The Nine § 1404(a) Equitable Factors on Balance Favor Transfer to the Eastern District of New York ...........................................................................................................................5

IV. CONCLUSION .......................................................................................................................9

I.     **PRELIMINARY STATEMENT**

As this Court is aware, this case was transferred to this District in February 2023 after being litigated for over a year through the completion of discovery and summary judgment briefing in the Southern District of New York. During a telephone conference in this matter held on March 20, 2023, this Court indicated that it was considering a *sua sponte* transfer of this case to the United States District Court for the Southern District of Georgia. Plaintiff Richard Bossuk now respectfully moves to transfer venue to the United States District Court for the Eastern District of New York pursuant to 42 U.S.C. § 1404(a).

Such a transfer is warranted for three reasons. First, this case indisputably could have been brought originally in the Eastern District of New York ("EDNY"), where Plaintiff lived and was employed by Defendants when they terminated his employment. Second, two of Plaintiff's three discrimination claims are brought under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Both these statutes are subject to specific rules of liberal construction and a modified summary judgment analysis that differs significantly from federal antidiscrimination laws and strongly counsels for resolution of these claims by a local court familiar with their application. *See, e.g.*, *Edelman v. NYU Langone Health Sys.*, 2022 U.S. Dist. LEXIS 176681, at *37-39, 43-45 (S.D.N.Y. Sept. 28, 2022) (explaining that the "NYCHRL is less demanding of plaintiffs than Title VII," that New York courts have "adopted a modified version" of the *McDonnell Douglas* burden-shifting analysis for such claims, and that, following 2019 amendments to the NYSHRL, such claims are now "closer to the standard of the NYCHRL" than to Title VII). Third, the other § 1404(a) equitable factors on balance favor a transfer to the EDNY, especially given that discovery in this case is closed and Defendants' summary judgment motion has already been fully briefed, which obviates much of the

1

inconvenience to witnesses and parties caused by finishing the litigation of this case in New York (where it was for over a year before Defendants belatedly moved to transfer it here after the close of all discovery).

## II. PROCEDURAL HISTORY

Plaintiff was a sales representative of Defendant Augusta Sportswear, Inc. ("Augusta") from 2013 until he was terminated in January 2021 at age 60. ECF No. 94 (Counterstatement of Material Facts ("CMF") ¶¶ 3, 108). For the entire time he was employed by Augusta, Plaintiff lived in the Eastern District of New York and his sales territory included New York City. *See id.* ¶¶ 5-7. Plaintiff filed his Complaint in the Southern District of New York ("SDNY") in October 2021, alleging claims of race discrimination under 42 U.S.C. § 1981, and religious and age discrimination under the NYSHRL and NYCHRL. ECF No. 1 (Compl.).

In April 2022, while this litigation was ongoing, Plaintiff moved to Boca Raton, Florida.[1] ECF No. 89 (Defs' Transfer Mem.) at 3. Plaintiff relocated there to live with family as he could no longer afford to pay rent in New York after his termination from Augusta. *See* ECF No. 91-3 (Bossuk Dep. Tr.) at 44:12-20. Plaintiff's two children currently attend college and law school in New York City. *Id.* at 44:2-11.

Defendants filed their Answer in the SDNY on November 16, 2021. *See* ECF No. 14 (Answer). They then litigated this case in the SDNY for over a year through the completion of fact and expert discovery before moving to transfer venue in December 2022, one month after they moved for summary judgment. *See* ECF Nos. 55 (Summary Judgment Mot.), 87 (Mot. to Transfer). The SDNY granted that motion and transferred the case to this Court on February 23, 2023, more than one month after Defendants' motion for summary judgment was fully briefed. *See* ECF Nos.

---

[1] In the Fall of 2022, Plaintiff moved from Boca Raton, Florida to Hallendale, Florida, which is approximately 30 miles south of Boca Raton and, like Boca Raton, lies within the Southern District of Florida.

102 (Summary Judgment Reply), 115 (Transfer Order). The SDNY did not rule on Defendants' pending motion for summary judgment before transferring the matter to this Court.

During a telephone conference held on March 20, 2023, *see* ECF No. 126, this Court expressed amazement that this case had been transferred from New York in the first place and concern that a court outside of New York would be resolving Plaintiff's New York claims. Although there is no motion to transfer venue currently pending, the Court seemed inclined to transfer this case *sua sponte* to the Southern District of Georgia because that is where Augusta is headquartered. For the reasons that follow, Plaintiff respectfully moves to transfer the case to the EDNY pursuant to 28 U.S.C. § 1404(a).

### III.     ARGUMENT

Plaintiff wholeheartedly agrees with this Court that New York courts are the best suited to address the issues here and thus requests to move to transfer this case to a venue where it could have been brought – the EDNY. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought." 28 U.S.C. § 1404(a). The standard for transferring venue under § 1404(a) "leaves much to the broad discretion of the trial court." *Epler v. Air Methods Corp.*, 2021 U.S. Dist. LEXIS 104945, at *5 (M.D. Fla. June 4, 2021) (Byron, *J.*).

A court considering a § 1404(a) transfer request must engage in a two-step inquiry. *Id.* First, it determines whether the case "could have been filed in the proposed district." *Id.* Second, it considers nine equitable factors to determine whether transfer is appropriate in the interests of justice. *See id.* at *5-6. The nine equitable factors are:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity

with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* at *5-6 (quotation marks omitted).

### A. This Case Could Have Been Filed in the Eastern District of New York

A transfer to the EDNY would serve both expediency and the interests of justice. As to the first step of the § 1404(a) analysis, Defendants cannot dispute that Plaintiff could have originally brought this case in the EDNY. As Defendants acknowledge, the EDNY is the District where Plaintiff lived at the time he worked for and was terminated by Defendants. *See* ECF No. 89 (Defs.' Transfer Mem.) at 2-3. Thus, venue is indisputably proper in the EDNY pursuant to 28 U.S.C. § 1391(b)(2). *See, e.g.*, *Litton v. Avomex, Inc.*, No. 08-cv-1340, 2010 U.S. Dist. LEXIS 2881, at *32 (N.D.N.Y. Jan. 14, 2010) ("If a plaintiff is employed in a district at the time he is discharged, venue would be proper in that district under § 1391(b)(2)."); *Dean v. HandySoft Corp.*, No. 04-5387, 2005 U.S. Dist. LEXIS 2127, at *7-8 (E.D. Pa. Feb. 16, 2005) ("As [the plaintiff] was employed in this District at the time he was discharged, venue would be proper under section 1391(b)(2)."). Moreover, venue was at all times proper in the EDNY pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Augusta is a corporation that regularly conducts business in New York, is indisputably subject to personal jurisdiction in New York, and thus is deemed to "reside" in New York per 28 U.S.C. § 1391(c)(2).[2] *See* 28 U.S.C. § 1391(c)(2) (mandating that, "[f]or all venue purposes," legal entities such as corporations "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question").

---

[2] Defendants litigated in federal court in New York for over a year without raising any defense premised on lack of personal jurisdiction in that court.

4

### B. The Nine § 1404(a) Equitable Factors on Balance Favor Transfer to the Eastern District of New York.

Turning to the nine § 1404(a) equitable factors, the most pertinent to the specific circumstances here is the seventh – the proposed forum's familiarity with the governing law. *See Epler,* 2021 U.S. Dist. LEXIS 104945, at *5-6. To be clear, because discovery is complete, there are no more documents to produce and no more witnesses to depose. Instead, the only significant event left in this litigation short of trial is a decision on Defendants' fully-briefed motion for summary judgment. That decision will involve only the Court's application of law to settled record facts. As a result, there is no need to consider the convenience of the witnesses or parties at this juncture. *See, e.g.*, *Howard v. Kemp*, No. CV-307-045, 2010 U.S. Dist. LEXIS 19605, at *4 (S.D. Ga. Mar. 4, 2010) (explaining that where summary judgment has been fully briefed, the § 1404(a) considerations of "convenience of the witnesses and parties" were "not applicable").

As discussed above, two of the three claims at issue in this lawsuit are New York state law claims that differ both substantively and procedurally from federal law. *See supra* at 1. Because it sits in New York, the EDNY has deep familiarity with such claims and thus is particularly well situated to decide Defendants' fully-briefed motion. *See, e.g.*, *Watson v. Cmty. Educ. Ctrs., Inc.*, No. 2:10-cv-00778, 2011 U.S. Dist. LEXIS 89520, at *16 (M.D. Fla. Aug. 11, 2011) ("A district court that routinely applies the laws governing the substantive issues of a particular dispute is most adept at applying those laws."); *Aguiar v. Natbony*, 2011 U.S. Dist. LEXIS 171139, at *10 (S.D. Fla. Oct. 5, 2011) (holding that the sixth factor favored transfer to New York where, as here, it was undisputed that New York law applied to the action); *Imani v. U-Haul Int'l*, No. 07-2231, 2007 U.S. Dist. LEXIS 64971, at *15-16 & n.5 (E.D. Pa. Sept. 4, 2007) (finding, in a case involving claims under the NYCHRL, that the public interest "having this case handled by a judge

familiar with New York law . . . weighs in favor of transfer" to New York and that having a New York court decide the NYCHRL claim "will undoubtedly promote efficiency in this case").

The other equitable factors either favor transfer to the EDNY or are a wash. To begin, the eighth factor – Plaintiff's chosen forum – "must be given considerable weight." *Epler*, 2021 U.S. Dist. LEXIS 104945, at *13 (internal quotations omitted). This factor clearly weighs heavily in favor of transfer to the EDNY because Plaintiff brought this case in New York alleging claims under New York law relating to his termination in New York. The ninth factor – trial efficiency and the interests of justice – also clearly weighs in favor of transferring this case to a court familiar with the NYCHRL and NYSHRL, which will be proficient in resolving not only Defendants' motion for summary judgment, but also any legal disputes about jury instructions on Plaintiff's New York claims.

Next, factors two (location of relevant documents) and five (compulsory process of witnesses) are immaterial here, where all documents have already been produced in discovery and Defendants cannot demonstrate that any of the witnesses they have identified would be unwilling to testify voluntarily at trial. *See Epler*, 2021 U.S. Dist. LEXIS 104945 at *9-10 (explaining that the location of relevant documents factor is "usually insignificant because modern technology largely neutralizes traditional obstacles to providing relevant documents); *id.* at *11-12 (explaining that the compulsory process of witnesses factor is "relevant only if a party demonstrates . . . that a particular witness would otherwise be unwilling to testify at trial").

Factor four – the locus of operative facts – is also largely immaterial here. This factor "looks to the site of events from which the claim arises." *Epler*, 2021 U.S. Dist. LEXIS 104945, at *11 (cleaned up). While Defendant Augusta is headquartered in Georgia, the relevant employment decisions in this case were made by a group of people residing at different locations

around the country, including the Middle District of Florida, the Southern District of Florida, the Southern District of Georgia, and the Northern District of Georgia. *See* ECF No. 89 (Defs. Transfer Mot.) at 8 n. 15. Thus, the mere fact that Augusta is headquartered in Georgia should not weigh in favor of transfer there. *See, e.g.*, *Realtime Data, LLC v. Fujitsu Am., Inc.*, 2017 U.S. Dist. LEXIS 27426, at *28 (E.D. Tex. Feb. 27, 2017) (fact that a company was headquartered in a particular district "does not typically tip the scales in favor of a transfer").

The remaining factors are either neutral or weigh against transfer to the Southern District of Georgia. The first factor—convenience of the witnesses—does not weigh in favor of any particular venue. As demonstrated by Defendants' list of witnesses in their original transfer motion, no matter where this case is tried, some witnesses will have to travel. *See* ECF No. 89 at 4-7 (identifying witnesses that reside in Florida, Georgia, Texas, South Carolina, Pennsylvania, Missouri, North Carolina, and Ohio). As a result, this factor "does not favor either party." *Soler v. IndyMac Mortg. Servs.*, 2015 U.S. Dist. LEXIS 84091, at *7 (S.D. Fla. June 29, 2015) (finding this factor neutral because "[r]egardless of the ultimate trial forum, witnesses may have to travel"). In addition, all of Defendants' witnesses are either employees of Augusta or former employees of Augusta, meaning that their convenience is of little import. *See Epler*, 2021 U.S. Dist. LEXIS 104945, at 9 (concluding that an argument based on the convenience of a party's "employee witnesses" merited "no attention"). Finally, only two of the fourteen witnesses Defendants identify reside in the Southern District of Georgia, and neither are key witnesses in this matter. *Compare* ECF No. 89 (Defs.' Transfer Mot.) at 14 (identifying Plaintiff, Defendant Jason Livermore, and Derek Ernst as the "three most material witnesses in this case"), *with id.* at 4-5 (identifying Teresa Becker and Elicia Riley-Dorn as the only witnesses who reside in the Southern District of Georgia).

The third factor (convenience of the parties) is also largely neutral here. Defendants litigated this case in New York for over a year through the completion of discovery without complaint. As such, any assertion that it would somehow be inconvenient for them to continue litigating in a different District in that state should be given little weight.[3] Moreover, although Plaintiff is not a current resident of New York, he has family in there (his daughters), with whom he can stay during any trial in this matter. *See* ECF No. 104 (Bossuk Decl.) ¶¶ 14-15 (attesting that Plaintiff could stay with his daughter in New York for the course of any trial and that he did not have such an opportunity in either Orlando or Augusta, Georgia)). It is thus far more convenient for him to litigate this case in the EDNY as opposed to either this Court or the Southern District of Georgia. *See Rossi v. Ferring Pharms.*, 2016 U.S. Dist. LEXIS 17424, at *9-10 (D. Conn. Feb. 12, 2016) (finding that a Florida resident had set forth "evidence demonstrating that [Connecticut] would be significantly more convenient" because she would be able to reside with friends and have "housing during trial and transportation to and from court" during trial).

Last, the sixth factor – the relative means of the parties – clearly weighs against transfer to the Southern District of Georgia. Defendants themselves admit there is a disparity between the means of the parties because Plaintiff is an individual former employee and Defendant Augusta (which is providing a defense for Defendant Livermore) is a corporation. *See* ECF No. 89 (Defs.' Transfer Mem.) at 20. Transferring this case to Georgia "would not only require Plaintiff to travel there, but also to retain local counsel," which will be a significant burden to Plaintiff. *Estey v. ADT LLC*, 2017 U.S. Dist. LEXIS 214528, at *9 (N.D. Ga. Apr. 20, 2017) (finding these facts weighed

---

[3] Both the SDNY and EDNY have courthouses within New York City – the SDNY's courthouse in Manhattan is approximately two miles from the EDNY's courthouse in Brooklyn.

against transfer from Plaintiff's chosen venue).[4] While Plaintiff will have to travel to New York if the case is transferred there, the burden of doing so is obviated because he has family with whom he can stay in New York while he is there, and he will not have to retain new counsel there.

Accordingly, for the above reasons, judicial efficiency and the interests of justice would be served by granting transferring this case to the EDNY.

### IV.   CONCLUSION

For all the above reasons, Plaintiff respectfully requests to move to transfer this matter to the EDNY pursuant to 28 U.S.C. § 1404(a).

Dated: New York, New York
March 21, 2023

By:   */s/Lucas C. Buzzard*
D. Maimon Kirschenbaum
Lucas C. Buzzard
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

*Attorneys for Plaintiff*

---

[4] The Local Rules of the Southern District of Georgia require all attorneys seeking admission *pro hac vice* in a particular matter to designate local counsel who must enter an appearance in the case and be fully responsible for all aspects of the litigation if necessary. *See* S.D. Ga. Local Rule 83.4, *available at* https://www.gasd.uscourts.gov/court-info/local-rules-and-orders/local-rules#lr83.

9

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify pursuant to Local Rule 3.01(g) that on March 21, 2023 I conferred with counsel for Defendants via email regarding the foregoing motion. Defendants oppose Plaintiff's motion to transfer venue.

     /s/Lucas C. Buzzard
Lucas C. Buzzard
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640